UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
THE ANNUITY, PENSION, WELFARE and APPRENTICESHIP
SKILL IMPROVEMENT AND SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO by its          **AFFIDAVIT IN**
TRUSTEES EDWARD KELLY, JEFFREY LOUGHLIN,                    **SUPPORT OF**
PETER PATERNO, ROSS PEPE, NICHOLAS SIGNORELLI and **DEFAULT JUDGMENT**
NICHOLAS SIGNORELLI, JR., and JOHN and JANE DOE,
as Beneficiaries of the ANNUITY, PENSION, WELFARE and      08-CIV-2091 (WCC)
APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 137, 137A, 137B, 137C & 137R,
AFL-CIO,

Plaintiffs,

-against-

BRIGA TRUCKING, INC.,

Defendant.
-------------------------------------------------------------------------------X

   JAMES M. STEINBERG, being duly sworn, deposes and says:

   1.   I am a member of the law firm of BRADY McGUIRE & STEINBERG, P.C.,

attorneys for the Plaintiffs in the above-entitled action and am fully familiar with all the facts and

circumstances of this action.

   2.   I make this affidavit pursuant to Rules 55.1 and 55.2(a) of the Civil Rules for the

Southern District of New York in support of the Plaintiffs' application for the entry of a default

judgment against Defendant BRIGA TRUCKING, INC.

   3.   This is an action arising under the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") to recover delinquent fringe benefit

contributions owed to the ANNUITY, PENSION, WELFARE and APPRENTICESHIP SKILL

IMPROVEMENT & SAFETY FUNDS of the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO (the "LOCAL 137 FRINGE BENEFIT FUNDS").

4.       The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

5.       This action was commenced on March 3, 2008 by the filing of the Summons and Complaint. A copy of the Summons and Complaint was personally served on Defendant BRIGA TRUCKING, INC. on March 12, 2008, by a Process Server who personally served Bob Capolongo, the Managing Agent of said Defendant and a person of suitable age and discretion. Proof of said service was filed with the court on March 14, 2008 *via* the ECF System. (A copy of the Summons and Complaint, along with the Proof of Service is annexed hereto as Exhibit "A".)

6.       Plaintiffs are entitled to damages as follows:

(a)       $26,491.52 in delinquent contributions due and owing to the LOCAL 137 FRINGE BENEFIT FUNDS in accordance with ERISA, 29 U.S.C. Section 1132(g)(2)(A) owed for the period of July 1, 2007 through January 31, 2008;

(b)       $456.23 in interest on the principal sum of $26,491.52 calculated at the rate of 10% per year, running from February 1, 2008 through April 2, 2008 in accordance with ERISA, 29 U.S.C. Section 1132(g)(2)(B) which prescribes that interest shall accrue at the rate provided for under the Plans, of if none, the rate prescribed under Section 6621 of the Internal Revenue Code;

(c)       $5,298.30 in liquidated damages on the principal sum of $26,491.52 calculated at the rate of 20% in accordance with ERISA, 29 U.S.C. Section 1132(g)(2)(C)(ii);

(d)    $1,311.00 in attorneys' fees in accordance with ERISA, 29 U.S.C. Section 1132(g)(2)(D); and

(e)    $415.00 in costs and disbursements in accordance with ERISA, 29 U.S.C. Section 1132(g)(2)(D).

Amounting in all to $33,972.05, as shown by the annexed Statement of Damages, which is justly due and owing, and no part of which has been paid except as therein set forth.

7.    The disbursements sought to be taxed have been made in this action or will necessarily be made incurred herein.

8.    The 20% liquidated damages are authorized by ERISA, 29 U.S.C. Section 1132(g)(2)(C)(ii) and attorneys' fees are authorized by ERISA, 29 U.S.C. Section 1132(g)(2)(D).

9.    The sum of $1,311.00 represents my law firm's charges to the client, the LOCAL 137 FRINGE BENEFIT FUNDS, for legal services in connection with this litigation. My services are billed at $228.00 per hour.

10.    On daily time sheets I detail the specific services I perform on behalf of the client which includes: the date of an activity; the specific activity or activities engaged in; my initials identifying that I performed the work; and the amount of time expended. This information is thereafter maintained by the law firm in its permanent records and transferred to monthly billing invoices sent to the client. (Annexed hereto as Exhibit "B" is a synopsis of the legal services performed on behalf of this client).

11.    I have reviewed Exhibit "B" and it accurately reflects the expenditure of my time in this case. In fact, the total number of hours expended by me on behalf of the Plaintiffs is recorded on Exhibit "B" for which compensation is sought as follows: James M. Steinberg ("JMS")—5.75 hours.

12. A lodestar amount, if calculated by multiplying the number of hours reasonably expended by the aforementioned hourly rate, would result in a fee as follows: James M. Steinberg, 5.75 hours *times* $228.00 = $1,311.00.

13. I hereby submit that the services for which I seek compensation were reasonable and necessary under the circumstances. I further submit that these attorneys' fees may be awarded by the Court in the sound exercise of its discretion in light of the following factors:

    (a)    The fact that attorneys' fees may be awarded pursuant to ERISA, 29 U.S.C. Section 1132(g)(2)(D);

    (b)    The Defendant's clear and inexcusable culpability in this matter;

    (c)    The amount to be paid in attorneys' fees is reasonable;

    (d)    The fact that it would be grossly inequitable to require the Plaintiffs to absorb the cost of Defendants' clear and intentional disregard of its contractual and legal responsibilities; and

    (e)    The fact that an award of attorneys' fees will underline the seriousness of offenses against ERISA Funds and prove a deterrent to delinquencies on the part of this and other employers in the future.

14. The relief sought herein has not previously been requested.

**WHEREFORE**, the Plaintiffs request the entry of Default and the entry of the annexed Judgment against Defendant BRIGA TRUCKING, INC.

JAMES M. STEINBERG (JS-3515)

Sworn to before me this
2nd day of April, 2008

Notary Public

Matthew G. McGuire
Notary Public, State of New York
No. 02MC5085290
Qualified in Rockland County
Commission Expires July 26, 20 09

EXHIBIT "A"

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

The Annuity, Pension, Welfare and Apprenticeship
Skill Improvement & Safety Funds of the
International Union of Operating Engineers Local
137, 137A, 137B, 137C & 137R et al.

V.

Briga Trucking, Inc.

SUMMONS IN A CIVIL CASE

CASE NUMBER:

## 08 CIV. 2091

### JUDGE CONNER

TO: (Name and address of defendant)

Briga Trucking, Inc.
35 Cedar Place
Rye, New York 10580

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

BRADY McGUIRE & STEINBERG, P.C.
603 WARBURTON AVENUE
HASTINGS-ON-HUDSON, NEW YORK 10706

an answer to the complaint which is herewith served upon you, within _____ Twenty (20) _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. Michael McMahon
CLERK

_____
CLERK

_____
(BY) DEPUTY CLERK

DATE 3/3/8

STATE OF NEW YORK         UNITED STATES DISTRICT COURT SOUTHERN DISTRICT

DOCUMENTS SERVED WITH INDEX#: 08CIV.2091          AND FILED ON          3/3/2008

| | |
|---|---|
| THE ANNUITY,PENSION,WELFARE AND APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL | Plaintiff(s)/Petitioner(s) |
| Vs. | |
| BRIGA TRUCKING, INC. | Defendant(s)/Respondent(s) |

STATE OF: NEW YORK                                    )
                                                                          SS
COUNTY OF WESTCHESTER                          )

The undersigned deponent, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in the State of New York . On_____3/12/2008_____ at _____8:35AM_____, deponent did serve the within process as follows:

Process Served:

| | |
|---|---|
| SUMMONS AND COMPLAINT | |

Party Served:

| | |
|---|---|
| BRIGA TRUCKING, INC. | (herein called recipient) therein named. |

At Location:

| |
|---|
| 35 CEDAR PLACE |
| |
| RYE NY 10580– |

By delivering to and leaving with ___BOB CAPOLONGO_____ and that deponent knew the person

so served to be the    MANAGING AGENT

of the corporation and authorized to accept service..

A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:

| | | |
|---|---|---|
| Sex M | Color of Skin WH | Color of Hair BRN/GR |
| Age 55 | Height 5'10" | |
| Weight 195 | Other Features | |

Sworn to before me on _____3/12/2008

_____                    _____
                                                                              Joseph Vallone

                                                                              Server's License#: 1100190

GAIL WILLIAMS
Notary Public, State of New York
No.
Qualified in               County
                               2010

Service of Process:

7:08-cv-02091-WCC The Annuity, Pension, Welfare and Apprenticeship Skill Improvement and Safety
Funds of the International Union of Operating Engineers, Local 137, 137A, 137B, 137C & 137R, AFL-CIO
et al v. Briga Trucking, Inc.

ECF

## U.S. District Court

### United States District Court for the Southern District of New York

## Notice of Electronic Filing

The following transaction was entered by Steinberg, James on 3/14/2008 at 12:49 PM EDT and filed on 3/14/2008

| | |
|---|---|
| Case Name: | The Annuity, Pension, Welfare and Apprenticeship Skill Improvement and Safety Funds of the International Union of Operating Engineers, Local 137, 137A, 137B, 137C & 137R, AFL-CIO et al v. Briga Trucking, Inc. |
| Case Number: | 7:08-cv-2091 |
| Filer: | The Annuity, Pension, Welfare and Apprenticeship Skill Improvement and Safety Funds of the International Union of Operating Engineers, Local 137, 137A, 137B, 137C & 137R, AFL-CIO |
| Document Number: | 3 |

Docket Text:
AFFIDAVIT OF SERVICE. Briga Trucking, Inc. served on 3/12/2008, answer due 4/1/2008. Service was
accepted by Bob Capolongo, Managing Agent. Document filed by The Annuity, Pension, Welfare and
Apprenticeship Skill Improvement and Safety Funds of the International Union of Operating
Engineers, Local 137, 137A, 137B, 137C & 137R, AFL-CIO. (Steinberg, James)

**7:08-cv-2091 Notice has been electronically mailed to:**

James Michael Steinberg    james.steinberg4@verizon.net

**7:08-cv-2091 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1008691343 [Date=3/14/2008] [FileNumber=4373717-0
] [52ebecaf54ad3b14c1eff07f7dec3401ab5ec6a3cb2bdb84421b15d3fd8588af721
3635f5b844233a20e5c242aa0179671a28eda016d7ef381ade823e7c86e0a]]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

THE ANNUITY, PENSION, WELFARE and APPRENTICESHIP
SKILL IMPROVEMENT AND SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO, by its
TRUSTEES EDWARD KELLY, JEFFREY LOUGHLIN,
PETER PATERNO, ROSS PEPE, NICHOLAS SIGNORELLI
and NICHOLAS SIGNORELLI, JR., and JOHN and JANE DOE,          **COMPLAINT**
as Beneficiaries of the ANNUITY, PENSION, WELFARE and
APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY               08-CIV-
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO,

                                            Plaintiffs,          08 CIV. 2091

                   -against-

BRIGA TRUCKING, INC.,                                        JUDGE CONNER

                                            Defendant.

-------------------------------------------------------------------------------X

        Plaintiffs, by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their

Complaint, respectfully allege:

        1.       This is an action arising under the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") to recover delinquent contributions owed

to employee fringe benefit trust funds.

MAR 03 2008
USDC WP SDNY

## JURISDICTION

        2.       The subject matter jurisdiction of this Court is invoked pursuant to Sections 502

and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

        3.       Venue is properly laid in the Southern District of New York pursuant to Section

502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that, as shown below, the ANNUITY,

PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS

of the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO ("LOCAL 137") are administered in the County of Westchester, State of New York at 1360 Pleasantville Road, Briarcliff Manor, New York 10510.

## THE PARTIES

4.    The LOCAL 137 ANNUITY, PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS (hereinafter collectively referred to as the "LOCAL 137 TRUST FUNDS") are joint trustee funds established by various trust indentures pursuant to Section 302 of the Labor Management Relations Act, 29 U.S.C. § 186. The Trustees of the LOCAL 137 TRUST FUNDS maintain the subject plans at offices located at 1360 Pleasantville Road, Briarcliff Manor, New York.

5.    EDWARD KELLY, PETER PATERNO, ROSS PEPE, SAL SANTAMORENA, NICHOLAS SIGNORELLI and NICHOLAS SIGNORELLI, JR. are Trustees of the LOCAL 137 ANNUITY, PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.    The LOCAL 137 ANNUITY and PENSION FUNDS are employee pension benefit plans within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2), established for the purpose of providing retirement income to employees.

7.    The LOCAL 137 WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS, are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29, U.S.C. §1002(1), established for the purpose of providing medical and other benefits to the employees of contributing employers.

8.    JOHN and JANE DOE are beneficiaries of the LOCAL 137 TRUST FUNDS within the meaning of Section 3(8) of ERISA, 29 U.S.C. § 1002(8).

9.    The LOCAL 137 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37).

10.    Upon information and belief, Defendant, BRIGA TRUCKING, INC. ("BRIGA TRUCKING") was and still is a New York corporation, with its principal place of business located at 35 Cedar Place, Rye, New York 10580.

11.    Upon information and belief, BRIGA TRUCKING was and still is a foreign corporation duly licensed to do business in the State of New York.

12.    Upon information and belief, BRIGA TRUCKING was and still is a foreign corporation doing business in the State of New York.

13.    Upon information and belief, Defendant, BRIGA TRUCKING is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

### AS AND FOR A FIRST CAUSE OF ACTION

14.    Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 13 inclusive, with the same force and effect as though more fully set forth at length herein.

15.    Initially, BRIGA TRUCKING agreed to be bound by the terms and conditions of a collective bargaining agreement with LOCAL 137 known as the "Engineering Heavy and Highway Agreement" which was effective for the period of March 4, 2002 through March 6, 2005 (hereinafter referred to as the "Collective Bargaining Agreement") and adhered to the terms and conditions of the Collective Bargaining Agreement.

16.    LOCAL 137 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 et seq., having its principal office for the transaction of business at 1360 Pleasantville Road, Briarcliff Manor, New York.

17. Upon the formal expiration of the Collective Bargaining Agreement, Defendant BRIGA TRUCKING did not execute a subsequent version of the "Engineering Heavy and Highway Agreement" with LOCAL 137 (the "subsequent collective bargaining agreement").

18. Instead, upon information and belief, BRIGA TRUCKING continued to employ members of LOCAL 137 through a course of conduct which included deducting and remitting supplemental dues, paying the LOCAL 137 members in its employ the wage scale called for under the subsequent collective bargaining agreement, availing itself to the benefit of the union referral hall for the referral of employees and displaying conduct manifesting an intention to abide by the terms and conditions of the subsequent collective bargaining agreement.

19. As a result thereof, upon information and belief, Defendant BRIGA TRUCKING manifested an understanding and intent to be bound by the subsequent collective bargaining agreement through its words, actions and course of conduct and continued to employ LOCAL 137 members during the period of July 1, 2007 through January 31, 2008.

20. Upon information and belief, BRIGA TRUCKING has failed to make the required fringe benefit contributions to the LOCAL 137 TRUST FUNDS for the period of July 1, 2007 through January 31, 2008 in the amount of $26,491.52 in violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

21. Despite repeated efforts by the LOCAL 137 TRUST FUNDS to collect the contributions owed, Defendant BRIGA TRUCKING remains delinquent in making the proper contributions and has failed to pay any of the outstanding contributions owed to the LOCAL 137 TRUST FUNDS as detailed above.

22. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the

Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Funds' Plan Documents, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

23.    Accordingly, as a direct and proximate result of BRIGA TRUCKING'S course of conduct and its manifestation to be bound to the terms and conditions of the subsequent collective bargaining agreement, as well as Section 515 of ERISA, Defendant BRIGA TRUCKING is liable to the Plaintiffs in the amount of $26,491.52 along with potentially additional contributions, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

## AS AND FOR A SECOND CAUSE OF ACTION

24.    The Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 23 inclusive with the same force and effect as though more fully set forth at length herein.

25.    Under the terms of ERISA, an employer is required to make payments to the LOCAL 137 TRUST FUNDS based upon an agreed sum or percentage for each employee hour of its hourly payroll worked or wages paid, and to report such employee hours and wages to the LOCAL 137 TRUST FUNDS.

26.    Under the terms of the LOCAL 137 TRUST FUNDS' Agreements, State law and ERISA, Plaintiffs are entitled to audit BRIGA TRUCKING'S books and records.

27.    Upon information and belief, Defendant BRIGA TRUCKING may have underreported the number of employees, the amount of employee hours and wages paid to its employers and the contributions due.

28.    Plaintiffs therefore demand and audit of BRIGA TRUCKING'S books and records.

**WHEREFORE,** Plaintiffs demand judgment on the First Cause of Action as follows:

1.    Of Defendant BRIGA TRUCKING, INC. in the amount of contributions determined to be due and owing to the LOCAL 137 TRUST FUNDS of $26,491.52, plus any additional monies that may be determined to become justly due and owing to the LOCAL 137 TRUST FUNDS during the pendency of this action and before final judgment, together with:

a.    Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendants, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

b.    Penalty interest or liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

c.    Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

d.    Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE,** Plaintiffs demand judgment on the Second Cause of Action as follows:

1.    An order requiring Defendant BRIGA TRUCKING, INC. to submit all books and records to Plaintiffs for audit at its cost in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E);

2.    Such other and further relief as the Court may deem just and proper in accordance

with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E); and

3.    Such other and further as the Court may deem just and proper, together with the

costs and disbursements of this action.

Dated: Hastings-on-Hudson, New York
       February 29, 2008

                            Yours, etc.

                            BRADY McGUIRE & STEINBERG, P.C.


                    By:     James M. Steinberg (JS-3515)
                            Attorneys for Plaintiffs
                            603 Warburton Avenue
                            Hastings-on-Hudson, New York 10706
                            (914) 478-4293

EXHIBIT "B"

## HOURS EXPENDED BY COUNSEL

2/28/08

    JMS    Drafted, revised and finalized Summons
and Complaint for delinquent contrib-
utions; Prepared civil cover sheet and
Rule 7.1 Statement to be filed with
court                                      2.5 hours

3/14/08

    JMS    Prepared Summons and Proof of
Service for filing via ECF System
and with hard copy to Clerk for
filing of same                              0.25 hours

4/2/08

    JMS    Prepared default judgment
motion papers and prepared same for
service and filing                        3.0 hours

Total:                                              5.75 hours

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

THE ANNUITY, PENSION, WELFARE and APPRENTICESHIP
SKILL IMPROVEMENT AND SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO by its
TRUSTEES EDWARD KELLY, JEFFREY LOUGHLIN,
PETER PATERNO, ROSS PEPE, NICHOLAS SIGNORELLI and **DEFAULT JUDGMENT**
NICHOLAS SIGNORELLI, JR., and JOHN and JANE DOE,
as Beneficiaries of the ANNUITY, PENSION, WELFARE and          08-CIV-2091 (WCC)
APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 137, 137A, 137B, 137C & 137R,
AFL-CIO,

Plaintiffs,

-against-

BRIGA TRUCKING, INC.,

Defendant.

-------------------------------------------------------------------------------X

This action having been commenced on March 3, 2008 by the filing of the Summons and

Complaint, and a copy of the Summons and Complaint having been personally served on the

Defendant BRIGA TRUCKING, INC. on March 12, 2008, by a Process Server, personal service

upon Bob Capolongo, the Managing Agent of said Defendant and a person of suitable age and

discretion, and a proof of service having been filed on March 14, 2008 via the ECF System, and

the Defendant not having answered the Complaint, and the time for answering the Complaint

having expired, it is,

**ORDERED, ADJUDGED AND DECREED**: That the Plaintiffs have judgment against

the Defendant in the principal amount of $26,491.52, liquidated damages in the amount of

$5,298.30, with interest at 10% as prescribed by the applicable Collective Bargaining Agreement

from February 1, 2008 through April 2, 2008, in the amount of $456.23, together with the costs

and disbursements of this action in the amount of $415.00 and attorneys' fees in the amount of

$1,311.00, for a total liquidated amount of $33,972.05, and it is further

      **ORDERED** that the Judgment rendered by the Court on this day in favor of the Plaintiffs

be entered as a final judgment against Defendant BRIGA TRUCKING, INC. and the Clerk of the

Court is directed to enter such Judgment forthwith.

Dated: White Plains, New York
                , 2008

                                SO ORDERED:

                                _____

                                The Honorable William C. Conner
                                Senior United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE ANNUITY, PENSION, WELFARE and APPRENTICESHIP
SKILL IMPROVEMENT AND SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO by its
TRUSTEES EDWARD KELLY, JEFFREY LOUGHLIN,
PETER PATERNO, ROSS PEPE, NICHOLAS SIGNORELLI and **CLERK'S CERTIFICATE**
NICHOLAS SIGNORELLI, JR., and JOHN and JANE DOE,
as Beneficiaries of the ANNUITY, PENSION, WELFARE and        08-CIV-2091 (WCC)
APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 137, 137A, 137B, 137C & 137R,
AFL-CIO,

Plaintiffs,

-against-

BRIGA TRUCKING, INC.,

Defendant.
-----------------------------------------------------------------X

I, J. MICHAEL McMAHON, Clerk of the United States District Court for the Southern
District of New York, do hereby certify that this action was commenced on March 3, 2008 by the
filing of the Summons and Complaint, and a copy of the Summons and Complaint was
personally served on the Defendant BRIGA TRUCKING, INC. on March 12, 2008, by a process
server, personal service upon Bob Capolongo, the Managing Agent of said Defendant and a
person of suitable age and discretion, and a proof of service was filed on March 14, 2008 via the
ECF System.

I further certify that the docket entries indicate that the Defendant has not filed an answer
nor otherwise moved with respect to the Complaint herein. The default of the Defendant is
hereby noted.

Dated: White Plains, New York
April 7, 2007

                                                        J. MICHAEL McMAHON
                                                        Clerk of the Court

                                          By:
                                                        Deputy Clerk